# New York Supplement

## VOLUME 91,

### AND

## New York State Reporter,

## VOLUME 125.

---

### COSSEL et al. v. ALTSCHUL.

#### (Supreme Court, Appellate Term. December 7, 1904.)

1. TRIAL—PRACTICE—DISMISSAL OF COMPLAINT—INFERENCE FROM TESTIMONY.

In reviewing the action of the lower court in dismissing the complaint on plaintiffs' testimony, all reasonable inferences favorable to plaintiffs must be drawn from that testimony.

2. BAILMENTS—NEGLIGENCE OF BAILEE—EVIDENCE.

In an action for damages caused to cloth by defendant's failure to sponge and examine the same in a careful and workmanlike manner on its being delivered to him by plaintiffs for that purpose, evidence held sufficient to make a prima facie case for plaintiffs.

3. APPEAL—REVIEW—MUNICIPAL COURT—PRACTICE.

Oral proceedings in a Municipal Court case are not scrutinized as keenly as proceedings in a court of record.

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Julius Cossel and others against Samuel Altschul. From a judgment dismissing the complaint, plaintiffs appeal. Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and GILDERSLEEVE, JJ.

Sol A. Cohn, for appellants.
Gustavus A. Rogers, for respondent.

¶ 1. See Appeal and Error, vol. 3, Cent. Dig. § 3748.

PER CURIAM. The pleadings are oral. The complaint is: "Breach of contract." The answer is: "General denial. Bill of particulars." The bill of particulars furnished by the plaintiffs states that in July, 1903, plaintiffs delivered to defendant eight pieces or rolls of cloth, known and designated as lot 1,504, style 740, which said cloth defendant agreed to sponge and examine in a good, careful, and workmanlike manner, and thereafter to return the same to the plaintiffs; that defendant returned said goods to the plaintiffs, but failed to sponge and examine the said cloth in a good, careful, and workmanlike manner, to the damage of plaintiffs in the sum of $23.50; that in or about the month of August, 1903, plaintiffs delivered to defendant seven pieces or rolls of cloth known and designated as lot 1,620, style 5,005½, which said cloth the defendant agreed to sponge and examine in a good, careful, and workmanlike manner, and thereafter to return the same to the plaintiffs; that defendant returned said seven pieces or rolls of cloth to plaintiffs, but failed to sponge and examine the said cloth in a good, careful, and workmanlike manner, to the damage of the plaintiffs in the sum of $116. On the trial the only witness called was the plaintiff Julius Cossel, who swears to the delivery of the goods to be sponged by the defendant, to their return by the latter to the plaintiffs, and that, when the goods had been cut to be made into overcoats, they were found to be spotted as to some, and to have been sponged on the wrong side as to others.

As the complaint was dismissed upon plaintiffs' testimony, we must draw all reasonable inferences favorable to the plaintiffs therefrom.

It appears that the defendant, when spoken to on the subject, told plaintiffs to refinish the coats, and to re-press them, and that he (defendant) agreed to pay 50 cents a coat, and that the number of the coats was 47 that had been made from the spotted goods. It also appears that, when defendant was notified that the goods had been sponged on the wrong side, he told plaintiffs to sell the suits that had been made of these goods for what they could, and he (defendant) would make up the loss; that there were 58 suits which plaintiffs sold for $6.50 a suit, whereas suits that had been made of the same cloth which had been properly sponged and turned brought $8.50 each. It appears that the goods, upon being returned from defendant, were cut and trimmed up in plaintiffs' factory to be made up, and that they were made up in about four days after their return by defendant, and that, upon discovering the defect in the goods, the plaintiffs stopped work upon them and notified defendant, with the results above stated. While this testimony is not very complete and satisfactory, still there was enough to have required the submission of the case to a jury, had there been a jury in the case. The case, however, was tried before the court alone. Nevertheless there was sufficient proof presented to make out a prima facie case in favor of the plaintiffs, and we think it was error to dismiss the complaint.

The defendant finds fault with the proof as not making out the cause of action stated in the bill of particulars. The oral pro-

ceedings in a Municipal Court case, however, should not be scruti-
nized as keenly as those in a court of record.

Upon the whole case, we think the judgment should be reversed
and a new trial ordered, with costs to the appellants to abide the
event.